UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____
(Circuit Court Case No. 15-013766 CA 01)

SEAN SIMON, M.D., P.A.,

        Plaintiff,

vs.

CONNECTICUT GENERAL LIFE
INSURANCE COMPANY,

        Defendant.

_____/

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, CONNECTICUT GENERAL LIFE INSURANCE COMPANY ("CGLIC"), by and through its undersigned counsel, hereby files this Notice of Removal of Plaintiff's Complaint pursuant to 28 U.S.C. §1331, 1332, 1441 and 1446 from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade, Florida, in which said action is pending, to the District Court of the United States in and for the Southern District of Florida, and would show unto the court as follows:

## GROUNDS FOR REMOVAL

1.      CGLIC is named as a Defendant in a civil suit filed in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida by Plaintiff, SEAN SIMON, M.D., P.A. ("SIMON"). The Complaint was served on CGLIC on June 29, 2015.

1

2.     Defendant, CGLIC, is incorporated in the State of Connecticut (Complaint at ¶6) , and its principal place of business is in Bloomfield, Connecticut. Accordingly, CGLIC is a citizen of the State of Connecticut. 28 USC §1332.

3.     Plaintiff is a Florida business entity (*Id.* at ¶5) and is a citizen of the State of Florida.

4.     This court has subject matter jurisdiction over the action pursuant to 28 U.S.C. §1332(a)(1) because (a) this is a civil action between citizens of different states; (b) Defendant is not a citizen of the state of Florida; (c) there exists complete diversity between the parties; and (d) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5.     The amount in controversy requirement for diversity jurisdiction is satisfied in this case because it is clear on the face of Plaintiff's Amended Complaint that the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, as Plaintiff alleges that the principal amount in controversy is $85,574.70. Complaint at ¶¶1, 4, 21 and 41 and WHEREFORE clause. 28 U.S.C. §1332(a).  A copy of the Summons and Complaint is contained in the state court file, a copy of which is attached hereto as Exhibit "1".

6.     In this action, Plaintiff attempts to set forth claims against CGLIC concerning payment of medical services allegedly provided by Plaintiff to participants of plans for which CGLIC is the third party claims administrator.

7.     This Notice of Removal is timely filed in accordance with 28 U.S.C. §1446(b).  CGLIC will give written notice of the Notice of Removal to Plaintiff and will

file a copy of the Notice of Removal with the Clerk of Court for Miami-Dade County, Florida.

8.      Venue is proper in the Southern District of Florida, as the Circuit Court in which the action is pending is within the jurisdictional confines of the Southern District. *See* 28 U.S.C. §1446(a) and the Southern District of Florida Local Rules.

## UNDERLYING ACTION

5.      This is an action by a physician P.A. seeking to recover ERISA benefits for medical care and treatment provided to various plan members.  According to the Amended Complaint, SIMON rendered services to subscribers of insurance policies issued by CGLIC. *See* Complaint at ¶10 and 13.  Under Count I for Breach of Contract, SIMON seeks to enforce the terms of the insurance policies between the subscribers and CGLIC.  SIMON alleges that the services were covered as defined by the INSURANCE POLICIES.  Complaint at ¶35, and that CGLIC breached these INSURANCE POLICIES by failing to make monetary payments here at issue.  *Id.* at ¶42.  SIMON further alleges that it received assignments of benefits from the patients authorizing it to seek payment from CGLIC. *Id.* at ¶33. As a result of these alleged breaches, SIMON claims that it is entitled to damages which are the benefits that SIMON alleges should be provided under the insurance policies.  *Id.* at ¶43.

6.      SIMON also seeks an alternative claim for violation of Florida Statue §641.513 as to a subset of claims.

## PLANS AT ISSUE

7.      This case concerns different medical benefit plans, some of which are "employee welfare benefit plans" within the meaning of the Employee Retirement

Income Security Act of 1974 ("ERISA"). *See* Declaration of Rhonda Anderson attached hereto as Exhibit "2."

       8.     An "employee welfare benefit plan" is defined at Section 1002(1) of Title 29 of ERISA as follows:

> Any plan, fund, or program which was theretofore or is hereafter established or maintained by an employer…to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise (A) medical, surgical, or hospital care or benefits in the event of sickness, accident, disability, death or unemployment….

Thus, by definition, an ERISA plan may be established by employers who furnish medical benefits for their employees "through the purchase of insurance."

       9.     Thus, while Plaintiff purports to seek payment from CGLIC based on state law, its claims arise out of obligations embodied in ERISA health plans, which are governed exclusively by federal law. *See* 29 U.S.C. §1001, *et seq*. Although a removal may not be accomplished unless the face of the complaint reveals federal question, the United States Supreme Court has recognized the doctrine of "complete preemption" as a collary or an exception to the well-pleaded complaint rule. *Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58, 95 L.Ed.2d 55, 107 S.Ct. 1542 (1987). State court claims that come within the scope of §502(a) of ERISA, such as a claim for improper denial of benefits under state law, are displaced by ERISA's civil enforcement scheme and are therefore removable to federal court as actions that arise under the laws of the United States. *Metropolitan Life, Id.* at 58, 60.

      10.    The terms of the group plans demonstrate that ERISA plans exist. A review of the plans reveal the following: (i) the plans were established by employers through the purchase of insurance from CGLIC or through a self-funded arrangement; (ii)

the intended benefits are the medical expense benefits that are payable in accordance with the plans terms; (iii) the class of beneficiaries are the eligible employees of employers such as DHL Holdings, Inc. and Davita Healthcare Partners, Inc. (iv) the source of financing is the payment of premiums by the employer or plan assets; and (v) the procedures for some claims receiving benefits for those which are spelled out in the plan.

11.   Plaintiff, as the assignee of the medical benefits under the subject ERISA health plans, steps into the shoes of the subscribers and members and are transformed into "beneficiaries" "or participants" of the health plans as defined in §1002 of ERISA. *Cagle v. Bruner*, 112 F.3d 1510 (11th Cir. 1997). The Eleventh Circuit has consistently held that health care providers are allowed to use derivative standing to sue under ERISA when the healthcare provider has obtained written assignment of claims from a patient who has standing as a "beneficiary" or "participant." Accordingly, based upon Plaintiff's claim, this case is removable under ERISA. *National Medical Center, Inc. v. Aetna Healthcare of Florida, Inc.*, 2001 WL 268205 (S.D. Fla. 2001); *see also Blasko v. W.K.B. Wilson and Sons, Inc.*, 833 F.2d 277 (11th Cir, 1987).

WHEREFORE, Defendant, CONNECTICUT GENERAL LIFE INSURANCE COMPANY, respectively requests that the removal of this action to the United States District Court for the Southern District of Florida, be hereby effected and that this Court takes jurisdiction of this action.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 27, 2015 the foregoing document was filed with the Clerk of the Court using CM/ECF. I further certify that I mailed the foregoing document and the notice of electronic filing by e-mail to the following: Kubs Lalchandani, Esquire, kubs@lslawpl.com, and Daniel Simon, Esquire, danny@lslawpl.com, Lalchandani Simon, PL, 25 S.E. 2nd Avenue, Suite 1020, Miami, Florida 33131, telephone: (305) 999-5291, counsel for Plaintiff.

SHARI GERSON
Florida Bar No. 17035
Email: Shari.Gerson@Gray-Robinson.com
401 East Las Olas Boulevard, Suite 1000
Fort Lauderdale, FL 33301
Telephone: 954-761-8111
Facsimile: 954-761-8112
Counsel for Defendant

# 3654354 v1